## IN RE INVESTORS SYNDICATE.[1]

November 19, 1920.

No. 22,004.

**Instalment savings certificate not a fraud on the purchaser.**

> The Investors Syndicate issues a ten year instalment savings certificate which promises the purchaser at the end of 10 years a sum which is equivalent to the amount of the annual instalments paid with six per cent interest compounded semiannually. Its ability to perform its contract is not questioned. After the second year a certificate has a surrender value, which, until the sixth year, is less than the principal amounts paid. Many purchasers fail to make their payments and suffer lapses and consequent losses. *Held*, that such certificates do not "work a fraud upon the purchaser" within the meaning of Laws 1917, c. 429, and that the State Securities Commission is not justified in suspending the license of the syndicate to sell them.

Upon the relation of the Investors Syndicate the supreme court granted its writ of certiorari directed to the State Securities Commission and its members and executive officer to review an order of the commission suspending relator's license to sell its securities, ten year instalment savings certificates. Reversed.

*Jamison, Swan, Stinchfield & Mackall* and *John E. Tappan,* for relator.

*Clifford L. Hilton,* Attorney General, *Montreville J. Brown,* Assistant Attorney General, for State Securities Commission.

DIBELL, J.

Certiorari on the relation of the Investors Syndicate to review an order of the State Securities Commission suspending its license to sell its ten year instalment savings certificates.

The commission is established by Laws 1917, p. 635, c. 429. It is the purpose of this statute, as expressed in its title, "to prevent fraud

[1] Reported in 179 N. W. 1001.

in the sale and disposition of stocks, bonds or other securities sold or offered for sale within the state," etc.

The commission may withhold or suspend a license, if it finds that "the proposed plan of business of said investment company, or that its proposed contracts, stocks, bonds or other securities, are fraudulent or are of such a nature that the sale of such securities, stocks, bonds, or other securities would in the opinion of said commission work a fraud upon the purchaser." The commission suspended the license of the syndicate upon the ground that the instalment certificates worked a fraud upon purchasers.

The instalment certificate promises that upon the making of specified payments in advance for 10 years the syndicate will pay the purchaser $1,000. This is the amount of the payments made with interest at six per cent compounded annually. There is a surrender value after two annual payments. The surrender value for each of the first five years is less than the instalments paid. From the sixth year on it exceeds the principal amounts paid. Experience shows that a large number of the certificate purchasers allow their certificates to lapse within a few years. This means a loss to them. It means a gain, measured by book values, to the syndicate. The objection of the commission is based upon the constant lapsing of the certificates. The commission licenses the sale of a ten year single payment certificate producing the same interest return. The real objection to the instalment certificate comes from the fact that the purchaser may not carry out his contract and therefore loses when he takes the surrender value. In short, to many of the investors the investment is an improvident one. This is not because of the fault of the syndicate. The commission says:

"No bad faith is imputed by the commission to the company or those in active management of its affairs. They are recognized as men of good repute and in good standing in the community in which they live. Furthermore, the company is in sound condition financially and there would be no need on those grounds to suspend the license."

The commission does not view the savings contracts as of such nature that the syndicate will be unable to perform them. If it performs them the purchaser will get what is promised. The investment contract is often an unprofitable one to the purchaser. It is so when he fails to

make his payments. We do not inquire as to the limits of the right of the statute to supervise investment contracts of the general nature of the one before us. It is enough to say that the investment certificate does not work a fraud upon purchasers within the meaning of the statute.

Order reversed.